## COPLEY vs. FLINT & COX.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF OUACHITA.

A suit for the rescission of a sale for lesion beyond moiety, and on account of the non-payment of the price, cannot be maintained for both demands; as they should not be cumulated in the same action.

In an action of lesion beyond moiety, it is not necessary to put the defendant *in morâ*, more than by the institution of suit; the sole object of which is to compel the vendee to restore the property to the vendor.

A sale and purchase of a tract of land, for the purpose of a redemption by the original owner, and the extinguishment of a doubtful claim, growing out of a forced alienation for taxes, is not such a sale as would give rise to an action of rescission for lesion.

The intrinsic value of the land at the time of sale, and of the plaintiff's pretensions and the nature of his title, should be examined and inquired into, as matters put expressly at issue in an action for rescission of a sale on account of lesion.

But in a sale of a precarious claim to land, without warranty, it is a proper subject of inquiry, what were the vendor's pretensions worth? rather than what was the intrinsic value of the land in an action of lesion?

Under the plea of the general issue, in an action for the rescission of a sale for lesion beyond moiety, evidence is admissible, to show what the plaintiff's pretensions, title or claim was really worth, without being confined to the mere intrinsic value of the land.

This is an action for the rescission of the sale of a tract of land, on account of lesion beyond moiety. The plaintiff alleges he sold a tract of two thousand acres of land, situated in the parish of Ouachita, to the defendant, Flint, for the sum and price of one thousand two hundred and seventy dollars, when, in fact, it was worth ten thousand dollars, and that he was imposed on, and induced by said Flint to take this small price, when the latter knew, at the same time, it was worth more than double the sum he gave; and that in consequence, there is lesion beyond moiety, which entitles him to a rescission of the sale and restitution of the property. He further alleges, he has tendered the price he received to Flint, and demanded the restitution of the property, but the latter refuses to take it and return him his land, or to make up the difference of price between the sum paid and that which the land is really worth; and still persists in holding and retaining said property, contrary to good faith and equity, and to his great damage. Wherefore, he prays that the sale be cancelled, the land reconveyed, or that the defendant make up and pay him the difference in price, between the real value and that which he gave for the land.

In an amended petition, the plaintiff alleges that the defendant, Flint, to avoid this action, made a sale or retrocession of this land to D. W. Cox, of Philadelphia, to whom it originally belonged. He prays that Cox be cited, made a party, and that he have judgment against both for the demand set up in his original petition. He also required that Flint be ruled to answer interrogatories touching the price and payments for the land.

The defendants severed in their defence. Flint denied that he was suable in the parish of Ouachita, his domicil being in the parish of Rapides. He avers he had sold the land in question, by authentic act recorded in the parish of Ouachita before suit, and the court cannot retain jurisdiction as to him.

Cox denied that he was in any way liable for fraud or lesion, between his vendor and the plaintiff; that he purchased before this suit, and objects to being cumulated in the

same action with his co-defendant, because there is no legal connection between them. He also pleads the general issue, and sets up various matters in defence.

The sale in question was made without warranty, for one thousand two hundred and seventy dollars; the plaintiff having purchased the premises at a sale for taxes, for two hundred and seventy dollars, a short time before selling to Flint.

There was several bills of exceptions taken during the progress of the trial, in relation to the rejection of evidence offered, to show the nature of the plaintiffs title and claim, and its value at the time of the sale to the defendant, Flint; and also to the charge of the judge, which are noticed in the opinion of the court.

The cause was submitted to a jury, on all the evidence, under a charge from the judge, which was excepted to, instructing the jury that they must find the intrinsic value of the land at the time of the sale, and to ascertain if it was worth more than double the price which it was sold at; and if so, to find for the plaintiff.

The jury returned a verdict, as follows: "We of the jury, find the tract of land in controversy to contain two thousand acres, and that it is worth three dollars per acre; but find against the plaintiff, as neither of the defendants were put in delay before the institution of this suit." ·

Upon this verdict there was judgment rendered in favor of the defendants, and the plaintiff appealed.

*Downs* and *Copley* for the plaintiff: the defendants cannot, in an action like this, object to the plaintiff's title, when they claim under it; and it was not necessary to put the defendants *in morâ* before bringing suit, when they refuse to restore the land and receive back what they had paid: 4 *Louisiana Reports*, 40; 8 *Idem.*, 522; 11 *Idem*, 240; 7 *Idem.*, 193.

2. The claim for rescission of a sale on account of lesion beyond moiety, is fully made out, by showing the premises to be worth more than double the price paid for them at the

time of sale :  *Louisiana Code*, 1854, 1871, 2567 ; 5 *Louisiana Reports*, 382, 360 ; 2 *Idem.*, 360 ; 2 *Martin*, *N. S.*, 73.

*M<sup>c</sup>Guire*, for the defendants :

1. In this case, the plaintiff declared in his petition that he had bought the land  at a forced sale for non-repair of roads, under the ordinances of the police jury, as the property of Cox ; the value of such a title was a legitimate inquiry for the court to ascertain whether there was lesion or not, otherwise, actions of this kind might be sustained in every case where land was sold below its intrinsic value, on account of the parties knowing there was a defect in, or doubt resting upon the title, and, consequently, as in this sale from the plaintiff to Flint, refuse to warrant the title ; the value of such titles in the country should have been permitted in evidence, which was refused by the court.

2.  The court correctly instructed the jury, that the defendant should have been put *in mora*, as a condition precedent to this action, without which he could not recover. In alternative obligations, demand is necessary.

3. The court erred in giving an opinion to the counsel for plaintiff, during the progress of the cause, upon what testimony was necessary for him to adduce.

4. This is a cumulation of actions for lesion and for fraud, and cannot be acted upon together.

5. Cox cannot be affected by the non-payment of the price, when the deed by which vendor acquired, expresses payment in hand for the whole price.

6. The court below assumed that in suits for lesion, the vendee cannot deny his vendor's title but from the allegations of plaintiff ; in this case testimony is admissible to deny the vendor's title.

7. The verdict of the jury is in the present tense, rendered nearly two years after the sale, and does not find the value of the land at the time of the sale, which was the proper time to estimate the value.

*Bullard, J.*, delivered the opinion of the court.

This is an action by the vendor to rescind the sale of a a tract of land, on the ground of lesion beyond one half of its just value. It was at first brought against the purchaser alone, but afterwards his vendee was made a party. It appears that the land formerly belonged to Cox, one of the defendants, and was sold at a forced sale, in pursuance of an ordinance of the police jury of the parish of Ouachita, and that the plaintiff became the purchaser, for two hundred and seventy dollars ; that shortly afterwards, the defendant Flint, bought it of the plaintiff for one thousand two hundred and seventy dollars, and re-conveyed it to the original owner, now his co-defendant. The plaintiff also demanded, in a supplemental petition, the rescission of the sale, on the ground of non-payment of the price ; but as we are of opinion that the two demands cannot be cumulated in the same action, according to a just interpretation of the *articles* 149, 150 and 151 of the *Code of Practice*, we shall confine our attention to the action of rescission on account of lesion, its incidents and the final judgment.

The defendant, Flint, after pleading sundry exceptions which were overruled, answered by admitting that he had purchased from the plaintiff, all the right, title and interest which he had acquired under the forced alienation, and without warranty. That he made the purchase, as the plaintiff well knew at the time, merely to avoid litigation, and to re-convey the land to his co-defendant, who was the real owner; and who, at the time it was sold, was represented by the defendant's brother, since, however, deceased, one of whose executors he was. That the parties understood each other at the time, and that the real value of the property was not considered. He denies that the plaintiff ever acquired any valid or just title to the land, by the adjudication of it by the parish judge, for various reasons, which it is not now necessary to detail. The defendant, Cox, joins in this defence, and alleges the nullity of all the proceedings which led to the alienation of the land in question.

Upon these questions the case was submitted to a jury,

who found that the tract of land contains two thousand acres, and is worth three dollars per acre, but that they find against the plaintiff, as the defendants were not put in delay before the institution of the suit. The court, thereupon, rendered a judgment for the defendants, from which the plaintiff appealed.

It appears by a bill of exceptions, which it becomes our duty to consider, that the judge, who presided at the trial, charged the jury, that they were to ascertain whether the land sold by the plaintiff to Flint was worth, at the time of the sale, more than double the price for which it was sold; next to inquire whether, at the time the citation was served on the defendant, Flint or Cox, the title was still in Flint; that if they found those facts from the evidence, and, further, if they found that before the suit was instituted, the plaintiff put the defendants *in morâ*, they should find for the plaintiff, but if they found that previous to the service of this suit, Flint had parted with his whole interest, or that the defendant, or either of them had been put *in morâ*, then they should find for the defendants.

For the present, it is only necessary to notice that part of the charge which relates to the putting of the defendants *in morâ* previously to the institution of this suit, because the jury appears to have been influenced by that charge, and it becomes important to inquire, whether it be, as supposed by the district judge, an essential pre-requisite to a recovery in an action of rescission for lesion beyond moiety, that the defendant should be put in delay by any other means than the institution of the suit.

The principal object of this suit and action is the restitution of the property sold. The purchaser, for a price less than half the just value, is under no other legal obligation, in relation to his vendor, than to make such restitution.

"He is in no manner," says Pothier, "debtor for the supplement of the just price, as he never bound himself beyond the payment of the price stipulated in the contract. The choice which the law gives him to make up the just value, is nothing more than a faculty which it confers on him, to

WESTERN DIST.

October, 1840.

COPLEY
vs.
FLINT & COX.

A suit for the rescission of a sale for lesion beyond moiety, and on account of the non-payment of the price, cannot be maintained for both demands; as they should not be cumulated in the same action.

release himself from the obligation to restore the estate, by the payment of such supplement. This supplement is merely in *facultate solutionis.* It is not in *obligatione.*" *Pothier, Contrat de Vente, No.* 348.

We are of opinion, that this is not one of those cases in which a putting in default is required before instituting the action, which we have seen is, in fact, a suit to compel the performance of the only legal obligation, that of restoring the property to the vendor. What would form the object of a previous demand, supposed to be essential to put the party in default? Surely, not the payment of the supplement of the first price, which we have seen he is in no case legally bound to pay, and which is altogether vague and uncertain; and can only be ascertained on the trial of the action of rescission itself. If it should be said that the restitution of the property itself should form the object of the previous demand, it may be answered, that the law does not require a previous demand, when the suit is one of revendication, or to enforce the performance of the principal obligation resulting from a contract, other than those for the payment of money where an amicable demand is required, and that merely in relation to costs or interest *ex morâ.*

The verdict must, therefore, be set aside, and as justice requires that the case should be remanded, it becomes important, to inquire into the correctness of that part of the charge in which the judge appears to intimate, that the sole remaining question relates to the intrinsic value of the land at the time of the sale; and to notice another bill of exceptions to the opinion which the judge expressed during the trial, that no evidence could be admitted in relation to the plaintiff's title; and in refusing to permit a witness to be sworn, in order to show that the public had so little confidence in titles acquired at forced sales for taxes, repairs of roads, &c., that nobody would give much for lands under such titles; that they were considered of little or no value; and further ruling, that no evidence could be given to invalidate the plaintiff's title.

Western Dist.
October, 1840.

COPLEY
vs.
FLINT & COX.

The plaintiff sold without warranty, and in the deed it is expressly stated that he transfers "only such right and title as he may have acquired by virtue of his purchase, as aforesaid." On the part of the defendant it is specially pleaded, as matter of defence to this action, that the intrinsic value of the land, did not enter into the contemplation of the parties at the time of the sale ; that their only objection was to avoid litigation, growing out of the forced sale of the land for repairs of roads, and to replace things in the condition in which they were before the forced sale. It is true, the mere absence of warranty may not prevent the vendor from recovering, in an action of rescission for lesion beyond moiety, but courts of justice are bound to look through the forms in which parties have clothed their conventions, to their real nature and substance; and in the case now before us, if it be true, as alleged, that the parties understood at the time of their contract that it amounted to nothing more than a redemption of the land, and the extinguishment of a doubtful contested claim to the land, growing out of the forced alienation, then, clearly, it is not such a sale as would give rise to an action of rescission for lesion. The inquiry, therefore, ought not to have been confined to the intrinsic value of the land. The value of the plaintiff's pretensions and the nature of his title, should have been examined and inquired into as matters put expressly in issue. The best writers on the subject admit, that the title of the vendor may, to a certain extent, be looked into in actions of this kind. Pothier, in his treatise on sales, considers the inquiry to be, not so much what is the intrinsic value of the thing, as what it was worth to the vendor. "If," says he, "the charge or risk from which the purchaser has been released, is one which would have fallen upon the vendor, if he had retained the estate; for example : If the estate which I have sold, was in the possession of an usurper, and the purchaser has taken upon himself the charge of suing for it, at his risk, and without the right of calling me in as a party, or if I have charged him with a certain kind of eviction ; in this case, in order to ascertain whether the price stipulated by the contract, was or was not above one half of its just value, the

*In an action of lesion beyond moiety, it is not necessary to put the defendant in morâ, more than by the institution of suit ; the sole object of which is to compel the vendee to restore the property to the vendor.*

*A sale and purchase of a tract of land, for the purpose of a redemption by the original owner, and the extinguishment of a doubtful claim, growing out of a forced alienation for taxes, is not such a sale as would give rise to an action of rescission for lesion.*

sum at which this charge or risk would be estimated, ought to be added to the principal price, since the vendor profits that much by the purchaser taking that risk upon himself:" *Pothier Contrat de Vente, No.* 345. The same doctrine is found in various modern authors, who have commented on the existing legislation of France, which, on this point, is believed to be identical with ours. Troplong uses the following language: "In order to arrive at a just appraisement of the value of the thing, according to the common price, we ought to take into account all the circumstances which might diminish its importance and emolument. Thus, if the purchaser took upon himself all the risk of eviction, notwithstanding numerous mortgages or pretensions to the property itself, set up by third persons, regard should be had to the diminution of advantages which may result to the purchaser from the sacrifice which he has made of his right to a warranty, and to a full and free tradition of the thing sold." *Troplong, de la Vente, No.* 815.

The intrinsic value of the land at the time of sale, and of the plaintiff's pretensions and the nature of his title, should be examined and inquired into, as matters put expressly at issue in an action for rescission of a sale on account of lesion.

But in a sale of a precarious claim to land, without warranty, it is a proper subject of inquiry, what were the vendor's pretensions worth? rather than, what was the intrinsic value of the land in an action of lesion?

Under the plea of the general issue, in an action for the rescission of a sale for leison beyond moiety, evidence is admissible, to show what the plaintiff's pretensions, title or claim was really worth, without being confined to the mere intrinsic value of the land.

To apply these principles to the case now before us, it was a proper subject of inquiry, what were the pretensions of the plaintiff worth, rather than what was the intrinsic value of the land? He does not appear to have acquired possession. He purchased at a forced sale, paid only two hundred and seventy dollars for two thousand acres of land, and would have been obliged, probably, to embark in a law suit, before he could enjoy any advantages resulting from his purchase, with the disadvantage of having to prove, as essential to make out his title, the authority of the police jury, a legal exercise of that authority, and an exact compliance with all the forms required by law, for the forced expropriation of the property of an absentee. Under the plea of the general issue, such evidence would, in our opinion, be admissible in the case. But, more especially, was it proper under the special plea in the record, to go into the inquiry whether the parties did not contemplate at the time, rather a renunciation of any right acquired under the public sale, in order to avoid trouble and perhaps litigation, than such a real sale of property for an inadequate price, as would entitle the plaintiff to be relieved against his own contract, by an action of lesion.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, the verdict set aside and the case remanded for a new trial; with instructions to the judge, not to refuse to admit evidence in relation to the title of the plaintiff, as set forth in this decree, and in support of the allegations in the answers of the defendants; and not to instruct the jury, that they had only to inquire into the intrinsic value of the land in controversy; and that the appellees pay the costs of this appeal.