| 1 r | 125 |
| 47 | 721 |

GEORGE W. COPLEY *v.* EBENEZER HUBBARD FLINT and another.

The action of rescission for lesion, was intended for the protection of those, who have been driven by their necessities, or have, through weakness or improvidence, suffered a loss on the sale of land of more than half its value.

Plaintiff was purchaser of a piece of land containing two thousand acres, and valued at six thousand dollars, belonging to an absentee, sold by order of the police jury to defray the expense of repairing a road passing through the tract, for two hundred and seventy dollars; afterwards sold his title, without warranty, to defendants, for twelve hundred and fifty dollars; part of this amount not being paid, he tendered what had been received, with interest, and prayed for a rescission of the sale on the ground of lesion beyond a moiety, or for a judgment for the balance of its value: *Held,* that plaintiff's object being to make a further profit, and not to protect himself from the consequence of his own weakness or improvidence, he did not bring himself within the provisions of the Code, and that an action of lesion would not lie.

THE judgment from which this appeal is taken, was rendered by the District Court of Ouachita, *King,* J. The plaintiff alleges, that he sold to the defendant, Flint, for the sum of one thousand

two hundred and seventy dollars, a tract of land in the parish of Ouachita, which he had purchased at public auction as the property of Daniel W. Cox, the other defendant ; that though in the conveyance which he executed to Flint it is stated that this sum had been received by him in cash, he had in fact received but two hundred and seventy dollars, having taken a note for the balance, which was never paid. He avers that the land was worth ten thousand dollars; that he was imposed upon by Flint, and that there was lesion beyond a moiety of its value in the sale ; and that he had tendered to Flint the amount actually received, with interest, and the note he had given him. The petition concluded with a prayer for a rescission of the sale, or a judgment against Flint for the balance of the actual value of the land. A second petition was filed, several months after, in which the plaintiff alleges, that for the purpose of avoiding the action commenced against him, Flint had conveyed the land in question to one Daniel W. Cox ; prayed that the action against Flint might be consolidated with the one instituted by this second petition ; that Cox, an absentee, might be cited through his attorney in fact ; that the sale might be rescinded both as to Flint and Cox, that he be put into quiet possession of the land, and for five thousand dollars as damages. The two suits were consolidated.

Cox, by his attorney in fact, answered by denying all the allegations in the petition ; he alleged that he held the land by an act of sale, executed before the commencement of plaintiff's suit ; that his vendor exhibited to him a deed from the plaintiff for the land, in which the latter acknowledged that he had received full payment therefor ; and that the only title plaintiff ever had was derived from an informal sale by the parish judge of Ouachita, who had sold the land, as the respondent's, for taxes assessed by the police jury for the repair of roads; which sale he alleged to have been illegal and void.

Flint denied the allegations of the plaintiff generally. He averred that he purchased the land from the plaintiff for twelve hundred and seventy dollars cash ; and that the latter had bought it at a public sale for two hundred and seventy dollars ; but contended that the sale to plaintiff was null and void, for various reasons. He alleged that the plaintiff sold him his title to the land only six days after he had purchased it, for an amount nearly five times as

great as plaintiff had paid for it ; that the latter sold him only such a title as had been acquired by the purchase at the sale by order of the police jury ; that respondent's brother, M. P. Flint, recently deceased, had been acting as the agent of Cox, who resided in Philadelphia ; that he was one of his brother's executors, and had made the purchase of plaintiff to avoid litigation, and for the purpose of transferring the land to Cox, its real owner, which he had done before the commencement of the present suit ; that the plaintiff knew of his intentions, and that neither ever contemplated a sale of a legal title to the land, but only of such precarious claim as the plaintiff had acquired by his purchase.

- On these pleadings and the evidence introduced, the case was submitted to a jury,who, under instructions from *Wilson*, J., found that the land contained two thousand acres, worth three dollars per acre ; but returned a verdict for the defendants, on the ground that they had not been put *in mora*. The plaintiff appealed, and a decision was rendered at Alexandria, in October, 1840, reversing the judgment, and remanding the case for a new trial, with instructions to the judge below. See 16 La., 380.

The evidence taken on the former trial, was used, by consent, on the second trial of this case, and, with other testimony, established the facts stated in the opinion of the court. The jury again found that the land contained two thousand acres, worth three dollars the acre ; they further found that Flint had given two hundred and seventy dollars cash, and his obligation for one thousand, which had never been paid ; and they returned a verdict for the rescission of the sale, on the repayment to Flint of the money advanced by him, with interest, and on the return of his obligation. Judgment was rendered by the court in conformity with the verdict of the jury, but allowing the defendants the election of retaining the land on returning to the plaintiff, within six months after notice of judgment, the sum of five thousand seven hundred and thirty dollars, an amount sufficient to make up the full value of the land, with interest at five per cent from the institution of the suit.

BULLARD, J. This case was before us at the last October term, and was then remanded for a new trial. See 16 La. 380. The result of the new trial was a judgment against the defendants, and they have appealed.

After an attentive consideration of the case, and an examination of all the evidence laid before the jury, we find it impossible to concur with them in the result to which they have come. We cannot regard this, under all the circumstances, as a case for which the law affords relief on the score of lesion ; a relief founded upon the idea that the vendor has been driven by his necessities to make a sacrifice so enormous, as to give rise to the presumption that he has been hardly dealt by. On the contrary, it appears to us to have been intended by the parties at the time to place Cox in the situation he was in previously to the forced sale, and that it was a mere redemption of the land by Flint, whose brother had been the agent of Cox in the sale of his Ouachita lands, with a view to reinvest in Cox his original title. It is shown that two thousand acres of land had been purchased a few months before by the plaintiff, for two hundred and seventy dollars. He sells it shortly afterwards to Flint for a profit of one thousand dollars, without any ultimate responsibility as warrantor, and he has avowed in the presence of this court in the argument, that if the thousand dollars had been paid, this suit would never have been instituted. In that event, he would have been satisfied with the profit of one thousand dollars, made in the purchase and resale of the land of the absentee. But because the purchaser does not comply with his contract in the payment of the stipulated price, he seeks to avail himself of the equitable action of rescission for lesion beyond a moiety of the just price, and thereby, in the event of success, to add upwards of four thousand dollars to his profits, or compel both Flint, and Cox to whom the land had in the mean time been reconveyed, to surrender it to him, free from any doubts as to title growing out of the forced alienation. If we were to tolerate this, we should sanction a resort to an action of rescission, intended for the protection of weakness or improvidence, when presumed to have been overreached in a hard bargain, in a case in which it is evident the plaintiff's sole object is a further gain and speculation. He comes before us avowedly as one 'qui certat de lucro captando.'

The evidence laid before the jury shows the low estimate in which titles such as the plaintiff acquired, were held in Ouachita. The particular circumstances attending this sale, are not shown by either party. It was proved that on one occasion, twenty five

thousand *arpens* of the Maison Rouge grant, then belonging to Cox and Turner, were sold by a commissioner appointed by the police jury to make a short road through the grant. One witness testified that lands sold by order of the police jury for making roads, usually sell very low; that lands sold ten years ago under similar circumstances, are now extremely low, in consequence of the title being thought defective; but he adds that it was thought the sales last made by the police jury, that is, those under which the plaintiff purchased, were made with unusual care and were good. If the plaintiff, who is a member of the legal profession, had been of opinion that he had acquired a valid title as against Cox, it may be well doubted whether he would have sold a tract of land worth $6000 for $1270. The estimate which he placed upon it when he bid at the auction sale, was probably considered by him a fair one, considering all the difficulties attending similar alienations. Be that as it may, he has made a profit of one thousand dollars, and we are of opinion that he does not bring himself within the provisions of the Code, which promises relief to vendors who have suffered lesion in the sale of their lands to the extent of more than half their just value.

It is therefore ordered that the judgment of the district court be reversed, the verdict set aside, and that the judgment of this court be for the defendants, with costs in both courts.

*Downs*, and *Copley, propria persona,* for plaintiff.

*McGuire, Thomas,* and *Flint,* for defendants.