| 47 | 719 |
| 120 | 1075 |

## No. 11,712.

### REINHARDT MARTIN VS. MRS. MICHAEL DELANEY.

The intrinsic value of the land at the time of sale, and the nature of the title, should be examined and inquired into, as matters put expressly at issue in an action for rescission on account of lesion. 16 La. 380.

In a sale of a precarious title to land, without warranty, it is a proper subject on inquiry what were the vendor's pretensions worth, rather than what was the intrinsic value of the land. In a sale of land acquired at tax title and again sold by the purchaser, the vendee assuming all taxes due, and some of which were not paid by the vendor, if the amount of the taxes assumed, added to the price, exceed the limit that would justify the action for lesion, the plaintiff can not recover. The value of the land must be fixed at the time of the sale, and within fixed limits. If the witnesses state the land was worth from one thousand to twelve hundred or fifteen hundred dollars, the fixed amount of one thousand dollars will be taken as its true value. The amounts above this are conjectural and speculative.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*J. Zach. Spearing* and *Gurley & Mellen* for Plaintiff, Appellant.

---

*Andrew H. Wilson* for Defendant, Appellee.

Submitted on briefs March 30, 1895.

Decided April 8, 1895.

The opinion of the court was delivered by

McENERY, J.   This suit was instituted to rescind, on account of lesion beyond moiety, the sale of a square of ground, in the Sixth District of New Orleans, by plaintiff to defendant.

The plaintiff purchased the property at tax sale, in 1885, for twenty dollars.   In the act of sale there was the usual assumption by the purchaser to pay State and municipal taxes, with interest, on the property for the year 1880 and subsequent years.

In 1890 the plaintiff sold to the defendant the property for the price of one hundred and fifty dollars.

The defendant assumed the payment of all State and city taxes due on said property, although it was declared in the deed by both vendor and vendee that there were no taxes against the property. There were, however, taxes against it.   The plaintiff never paid any taxes on it after his purchase.   The property was worth between one thousand and twelve or fifteen hundred dollars at the time of the sale to defendant, according to the opinion of the witnesses. The evidence does not satisfy us that there was any fraud or misrepresentation practised by defendant on plaintiff to induce the sale at the price of one hundred and fifty dollars.   The plaintiff evidently had experience in purchasing at tax sales, and knew the uncertainty of titles under such sales.

We are induced to believe that he speculated in such titles.   Independent, however, of this opinion, it is manifest from the evidence that the plaintiff sold the property more with reference to his title to it than to its intrinsic value.   This is made more apparent by the fact that the plaintiff did not pay the taxes for 1880.   That his title was subject to legal inquiry and investigation is shown by a suit against the defendant after his purchase of the property.   To perfect his title he had to purchase a quit-claim deed from the plaintiff in the suit against him.   The taxes and interest and cost assumed by defendant in the deed to him amounted to some six hundred dollars, which, with the price added, would make the actual amount paid for the property more than half the value of one thousand dollars placed upon it by the lowest estimate.   We accept this lowest esti-

mate because all above that is conjectural. Its value must be shown within a certain range. Parker vs. Talbot, 37 An. 22.

The facts here bring the case within the doctrine announced in Copley vs. Flint, 16 La. 380, and Copley vs. Flint, 1 Rob. 125, in both of which it was said the intrinsic value of the land at the time of the sale, and the plaintiff's pretensions and the nature of his title, should be examined in and inquired into as matters put expressly at issue in an action for rescission of a sale on account of lesion. But in a sale of a precarious claim to land without warranty it is a proper subject of inquiry what were the vendor's pretensions worth, rather than what was the intrinsic value of the land in an action of lesion.

And in the case of Copley vs. Flint, 1 Rob. 125, it was shown that the plaintiff had purchased under circumstances that clouded his title, and that he afterward sold it at a profit of one thousand dollars. In such a case the court said the law affords no relief on the score of lesion, as no presumption could arise that the vendee had been forced into a bad bargain by necessitous conditions. "If we were to tolerate this," the court said, "we should sanction a resort to an action of rescission, intended for the protection of weakness or improvidence, when presumed to have been overreached in a hard bargain, in a case in which it is evident the plaintiff's sole object is a further gain and speculation."

This property has considerably advanced in value since its sale to defendant, and we think the plaintiff's sole purpose is for further gain and speculation. Whether we regard the facts as showing that the plaintiff sold only with a speculative intent with reference to the tax title he held, or that he sold to defendant to get rid of the burden of paying the taxes, which he assumed, in either case his demand is without merit.

Judgment affirmed.