On Rehearing.
SOMMERYILLE, J.
Defendant having died since this cause was submitted, Mrs. Mary Wagner Irion appears, and asks that she be made party defendant in the capacities of widow in community, and as natural tutrix of her minor children with the deceased, viz., Henry W. Irion and Elsie M. Irion, in the place and stead of the deceased.
A re-examination of the record in this case has led us to the conclusion that the interests of justice will be best served by remanding it to the district court for a new trial.
[4]The Code (article 1860) defines lesion to be:
“The injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The. remedy given for this injury is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received.”
And article 1861 provides with reference to the sales of immovable property that:
“The vendor may be relieved if the price given is less than 'one-half of the value of the thing sold; but the sale cannot be invalidated for lesion to the injury of the purchaser.”
[5, 6] In the present case plaintiff is demanding the rescission of a sale of an undivided one-half interest in and to certain lots situated in the city of New Orleans, alleging that the sale to defendant was made for less than one-half of the value of said undivided one-half interest. We have held in similar cases that the proof offered by the plaintiff must be strong and the value of the property at the date of sale must be clearly shown. In the present case plaintiff offered evidence to prove the value of the whole property, and not the value of an undivided one-half interest in that property. He argues that the evidence shows that the value of the whole property, as testified to by witnesses, is shown to be more than four times the amount received by him from defendant for an undivided one-half interest in that property, and that one-half the value of the whole is the real value of an undivided one-half interest. But we are of the opinion that the proof offered is insufficient upon which to base a judgment setting aside a sale on the ground of lesion. Plaintiff should have offered evidence of the value of an undivided one-half interest in the property. The only testimony in the record on this point was brought out on the cross-examination of one of plaintiff’s witnesses to the following effect:
*170 “Q. Do you find more readily purchasers for a part than for a whole interest? A. No, sir; you do not. Q. It is harder for selling — harder to sell? A. You mean to sell a fraction than to sell a half? Q. You sell a fractional interest at much less than you can sell a whole property? A. Yes, sir. Q. You can never get as much for a fractional interest as for the whole interest? A. No, sir. Q. I mean, proportionately. Mr. Kernaghan, you know what I mean? A. Yes, sir, I understand. Q. If a property is worth $2,000, and a man owned an interest, could you sell all of it as readily for $2,000 as one-half of it for $1,000? A. You could not Mr. Michel, get $1,000 for one-half as readily as you could $2,000 for the whole property. Q. It would be much depreciated from a thousand? A. It might and it might not. It is not as readily sold as a whole interest. Q. The prices are not as good? A. No, sir.”
But, we repeat, there was no evidence offered going to show the value of the interest owned by plaintiff in the property under consideration.
In Copley v. Flint & Cox, 16 La. 380, we say:
“The inquiry, therefore, ought not to have been confined to the intrinsic value of the land. The value of the plaintiff’s pretensions and the nature of his title should have been examined and inquired into as matters put expressly at issue. The best writers on the subject admit that the title of the vendor may to a certain extent be looked into in actions, of this kind. Pothier, in his treatise on Sale, considers the inquiry to be not so much what is the extrinsic value of the thing as what it was worth to the vendor. * * * The same doctrine is found in various modern authors, who have commented on the legislation of France, which, on this point, is believed to be identical with ours. Troplong uses the following language: ‘In order to arrive at a just appraisement of the value of the thing, according to the common price, we ought to take into account all the circumstances which might diminish its importance and emolument.’ ”
And we remanded that case because the evidence there was confined to the intrinsic value of the land, and not certain things which affected title to and possession of the land.
Here, the fact that plaintiff held in indivisión with others might, as testified to by Mrs. Kernaghan, affect the value of that interest; and, until there is evidence offered on that point, we feel that full justice cannot be done to the parties to the litigation.
It is therefore ordered, adjudged, and decreed that Mrs. Mary Wagner Irion, in her capacities of widow in community of H. F. Irion, and the natural'tutrix of the minors Henry W. Irion and E-lsie M. Irion, be made party defendant in this suit, and she is authorized to stand in judgment herein in the same manner, in her said capacities, as the deceased defendant could have done.
It is further ordered that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court, to be there proceeded with in accordance with law and the views herein expressed, costs of appeal to be paid by the appellee.