No. 4168

Second Circuit

(Second Division)

DUPREE v. MYERS

(December 9, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Granted.)
(May 4, 1932. Opinion and Decree on Rehearing.)

Reynolds, Hamiter & Hendrick, of Shreveport, attorneys for plaintiff, appellant.

Craig, Bolin & Magee, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J. The plaintiff sues to rescind a sale of real estate for error and fraud; or in the alternative, for lesion beyond moiety. The petition alleges that plaintiff, an aged negro, was induced, through fraud and misrepresentation, to sign a deed transferring an undivided one-half interest in 110 acres of land situated in DeSoto parish, Louisiana, to the defendant; and that the consideration of the purported sale was the vile sum of $100, which represents less than one-tenth of the value of the interest in the land.

The defendant answered generally denying the facts as alleged, and that the petitioner is entitled to the relief sought.

There was judgment in the district court rejecting plaintiff's demands at his cost and he has appealed.

It appears to us that the district judge

was in error in holding that the plaintiff was not entitled to relief in response to his alternative demand. That being true, we consider it unnecessary to discuss the charges of fraud and misrepresentation, upon which the main demand is founded.

The facts which are pertinent to the issue upon which we think the case should be determined are as follows:

Lewis DuBose while married to the sister of the plaintiff, J. H. Dupree, acquired 110 acres of land in DeSoto parish, Louisiana, in 1888. It is admitted that Dupree, the plaintiff herein, inherited through his sister, the wife of DuBose, and through his mother, an undivided one-half interest in the 110 acres. After the death of his wife, DuBose continued in possession of the whole of the property. Although DuBose testified that he knew Dupree had an interest in the land, and Dupree testified that he knew that he, Dupree, had an interest in the land, DuBose lived upon the land, cultivated it, and leased it for mineral purposes from time to time, without accounting to Dupree, for a period of more than thirty years after Dupree's interest had attached and before the transaction herein attacked had occurred. Dupree explained his conduct in not exercising his right of ownership for such a long period by stating that he didn't care to disturb his brother-in-law, who could barely make a living on the place and pay the taxes. DuBose stated that this attitude of Dupree was well known to him and that he had always acknowledged Dupree's interest in the property.

On May 31, 1930, the plaintiff sold his undivided interest in the tract to the defendant, C. C. Myers, for the stated consideration of $100 cash. The deed recited that the property was conveyed with full guaranty of title, and with complete transfer and subrogation of all rights and actions of warranty. The price was paid by check, which said check the plaintiff never cashed, but tendered its return to the defendant, and upon the refusal of the tender, deposited it in the registry of the trial court. The property at the time transferred had a lease value for oil and gas purposes estimated to be from $10 to $30 per acre. Adjoining lands of the same kind were assessed at $10 per acre.

The alternative demand of plaintiff is founded on article 2589 of the Civil Code:

"If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing's value."

It has been frequently held, and is well settled, that the issue presented in an action of this character is the intrinsic value of the land at the time of the sale and the plaintiff's pretension and the nature of his title. Copley v. Flint, 16 La. 380; Martin v. Delaney, 47 La. Ann. 719, 17 So. 264; Fleming v. Irion, 132 La. 163, 61 So. 151.

Excluding from consideration the mineral value as speculative and conjectural, the intrinsic value of the property is established by uncontradicted evidence to be not less than its assessed value of $10 per acre.

Clearly, therefore, if it is not shown that the deed evidenced the sale of a speculative or pretended interest in the title the transaction should be rescinded for lesion beyond moiety.

The defendant contends that his purchase was not of an undivided one-half interest in 110 acres of land, to which there was no dispute as to title, but simply the

purchase of plaintiff's interest, if any he had, in land which may have been lost by prescription and the possession of which could only be secured after litigation with DuBose.

There is no evidence in the record to show, or that even suggests, that the plaintiff had any doubt that he owned an undivided one-half interest in the property, or that he believed DuBose would resist the assertion of his right thereto. It is shown that DuBose openly acknowledged the ownership of Dupree and that this was known to the defendant before the sale was made. DuBose having recognized Dupree as co-owner, could not prescribe against him, by thirty years' possession of the property owned in indivision. A valid title to the property sold, we think, existed in the plaintiff at the time of the sale.

It is the settled policy of this state, as frequently announced by the Supreme Court, that the action of rescission for lesion beyond moiety was intended for the protection of those who through necessitous circumstances, weakness or improvidence, have suffered a loss as a result of the sale of land of more than one-half of its value; and that it was not intended to afford a means of speculating in real estate and on the title thereof. Copley v. Flint, 16 La. 380; Martin v. Delaney, 47 La. Ann. 719, 17 So. 264; Fernandez v. Wilkinson, 158 La. 137, 103 So. 537.

The plaintiff is an old ignorant negro. He knew that he owned an inherited interest in the land, but had only a vague idea of its value. At the time of the transaction much doubt was entertained by one of the witnesses and the notary that plaintiff understood the nature and effect of the instrument he was signing. The notary read the deed in full to him and then asked him if he understood it. He said he didn't think he did. The notary then attempted to explain it to him. He finally stated that he understood it.

It is inconceivable that the plaintiff in this case was attempting to speculate on a precarious title. At the earnest solicitation of his son and the defendant, and on being tempted by the offer of the check, he was persuaded to part with property the value of which he did not know.

The instrument itself is further evidence, and conclusive evidence, if the plaintiff understood its purport, that there was no intent on his part to speculate on the validity of his title, as it expressed full guaranty of title. If he had had any doubt as to the strength of his title or his ability to deliver possession of the property, he certainly would have sold his interest without warranty.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, and that there now be judgment in favor of plaintiff and against the defendant annulling and rescinding the sale of plaintiff's undivided one-half interest in the 110 acres of land, described in plaintiff's petition, for lesion beyond moiety and recognizing the defendant to be the owner and entitled to the possession of the check for $100 deposited in the registry of the court; the defendant to pay all costs.

## ON REHEARING

TALIAFERRO, J. The rehearing ordered in this case, while without restriction, was primarily for the purpose of affording opportunity to amend our former decree so as to comply with the law which gives defendant the alternative of holding the property and supplementing the price, or of surrendering the property to plaintiff.

However, we have again studied the rec-

ord and have given due consideration to the argument and earnest brief of defendant's counsel, without experiencing any change of opinion on the two main questions passed on in our former decree, viz.: plaintiff's ownership of the property when conveyed to defendant and its value being more than twice the amount of price paid him. Such value we find to be $550, or $10 per acre. No good purpose would be served by repetition of the facts of the case, nor of the reasons for our former decree.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and same is hereby, reversed and set aside, and there is now jugment in favor of plaintiff decreeing the sale of said property by him to defendant, subject to be annulled and rescinded, on the ground of lesion beyond moiety, and such sale is hereby annulled and rescinded, for such reason, subject to the right of election by defendant, within 30 days after finality of this decree, of supplementing the price of such sale and paying plaintiff $450 in cash and holding the property; or surrender said property to plaintiff, free of mortgages and/or other encumbrances, within said time, and in this event the check of $100, now in the registry of the lower court, tendered on account of the price of sale, shall be delivered to defendant; and should defendant not elect to supplement the price of sale, as herein fixed, the property described therein shall become that of and belong to plaintiff in full ownership, free of any claim of defendant, which ownership, and his right of possession thereto, in that event, is hereby recognized.

As amended hereby, our former judgment and decree is reinstated and made final. Costs of both courts are decreed to be paid by defendant.

No. 13,412

Orleans