## DUPREE v. MYERS.

### No. 4168.

Court of Appeal of Louisiana. Second Circuit, Second Division.

May 4, 1932.

For former opinion, see 138 So. 146.

Reynolds, Hamiter & Hendrick, of Shreveport, for appellant.

Craig, Bolin & Magee, of Mansfield, for appellee.

TALIAFERRO, J.

The rehearing ordered in this case, while without restriction, was primarily for the purpose of affording opportunity to amend our former decree, 138 So. 146, so as to comply with the law which gives defendant the alternative of holding the property and supplementing the price, or of surrendering the property to plaintiff.

However, we have again studied the record and have given due consideration to the argument and earnest brief of defendant's counsel, without experiencing any change of opinion on the two main questions passed on in our former decree, viz., plaintiff's ownership of the property when conveyed to defendant and its value being more than twice the amount of price paid him. Such value we find to be $550 or $10 per acre. No good purpose would be served by repetition of the facts of the case, nor of the reasons for our former decree.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and same is hereby, reversed and set aside, and there is now judgment in favor of plaintiff decreeing the sale of said property by him to defendant, subject to be annulled and rescinded on the ground of lesion beyond moiety, and such sale is hereby annulled and rescinded, for such reason, subject to the right of election by defendant, within 30 days after finality of this decree, of supplementing the price of such sale and paying plaintiff $450 in cash and holding the property; or surrender said property to plaintiff, free of mortgages and/or other incumbrances, within said time, and in this event the check of $100, now in the registry of the lower court, tendered on account of the price of sale, shall be delivered to defendant; and should defendant not elect to supplement the price of sale, as herein fixed, the property described therein shall become that of and belong to plaintiff in full ownership, free of any claim of defendant, which ownership, and his right of possession thereto, in that event, is hereby recognized.

As amended hereby, our former judgment and decree is reinstated and made final. Costs of both courts are decreed to be paid by defendant.