SARTAIN, Judge.
The plaintiff, Virgil White, claiming the ownership of an undivided 101/110th interest in and to 19.92 acres of land in St. Tammany Parish instituted this action against twenty-four defendants, heirs of August Bennett, owners of the remaining undivided 9/110th interest, seeking a partition by licitation in accordance with the expressed provisions of LSA-CCP Article 4621 et seq. Seventeen of the defendants were personally served. The remaining seven defendants were absentees and were citecfc through a curator ad hoc appointed by the-court. Several of the resident defendants,, through counsel, filed peremptory exceptions of no right and no cause of action.. These exceptions were overruled by the trial judge.
Subsequently Nettie Varnado Bennett, widow of August Bennett, filed a petition for intervention contesting plaintiff’s right to a partition by licitation claiming: (1) Plaintiff damaged the tract in question and owed defendants an accounting; (2) Plaintiff sought to sell a family cemetery; and (3) Contesting the title of plaintiff to an undivided 10/11th interest in the subject property. It is the latter complaint only that intervenor urged on the merits. She contends that as the author in title of the subject land, she is entitled to rescind the sale from herself to plaintiff on the grounds of lesion beyond moiety or if unsuccessful, in the alternative, on the grounds of fraud, coercion and error.
Five of the defendants filed a general denial to plaintiff’s suit for a partition and likewise urged the first two named defenses offered by the intervenor. The curator ad hoc on behalf of the absentee defendants filed a general denial to plaintiff’s petition for partition and intervenor’s petition. Preliminary defaults were entered against the resident defendants who failed to appear. This matter was in due course assigned for trial at which time judgment was rendered confirming the preliminary defaults previously entered against the resident defendants and against the defendants who appeared ordering a sale by lici-tation. Judgment was further rendered in favor of the plaintiff and against the in-tervenor dismissing intervenor’s suit. In-tervenor applied for and was granted a devolutive appeal which appeal was authorized in forma pauperis.
Thus, the issue before this court for resolution is the intervenor’s claim of her right to have the sale of 19.92 acres of land to the plaintiff rescinded for lesion *906 beyond moiety or in the alternative on the grounds of fraud, coercion and error.
Plaintiff and his wife acquired inter-venor’s interest in the subject property on October 13, 1961, by notarial act passed before Thomas W. Landry, a notary public in and for the Parish of St. Tammany. This act was duly recorded in Conveyance Book 314 and Page 557 of the Conveyance records in and for the Parish of St. Tammany. The property was therein described as follows:
****** “Being the North West Quarter of the South West Quarter (N W 1/4 of _ S W 1/4) ; the South Half of the South West Quarter of the North West Quarter, (S 1/2 of S W 1/4 of N W 1/4) of Section Thirty-One (31), Township Five (5), South Range Ten (10) East, containing sixty-five and 03/100 (65.03) acres, more or less, together with all buildings and improvements thereon.
Being the same property acquired by August Bennett by Judgment in the Succession of Ruben M. Bennett, No. 196 of the 26th Judicial District Court, Parish of Washington, State of Louisiana, dated September 23, 1921, and recorded in C.O.B. 80, folio 659 of the official records of St. Tammany Parish, Louisiana, September 28, 1921; and further acquired in C.O.B. 81, folio 83; C.O.B. 135, folio 308; C.O.B. 135, folio 309; and C.O.B. 136, folio 306 of said official records of St. Tammany Parish.
This being a quitclaim deed, same is made and accepted without any warranty whatsoever, not even for the purchase price, or any portion thereof.” (Emphasis ours.)
Plaintiff subsequently caused the property to be surveyed which survey revealed that the land involved actually contained 19.92 acres. In an effort to perfect the title of the property purchased from inter-venor, plaintiff began to ascertain the names and number of heirs of August Bennett and opened the succession of the said August Bennett wherein the intervenor was recognized as the surviving spouse in community of August Bennett and as such sent and put into possession of an undivided 10/llth interest in and to the said 19.92 acres subject to the previously recorded sale by intervenor to plaintiff recorded in C.O.B. 314, page 557 of the records of St. Tammany Parish. Also recognized, homologated and approved in said judgment of possession was the sale of an undivided 1/110th interest acquired by the plaintiff from Mrs. Effie Bennett Morgan, the only heir of August Bennett plaintiff was able to acquire voluntarily. This judgment of possession was rendered in that matter entitled “Succession of August Bennett” bearing No. 4522 on the Probate Docket of the 21st Judicial District Court, Parish of Tangipahoa, Louisiana, and was read, rendered and signed in Chambers at Amite, Louisiana, on March 20, 1964. The .remaining heirs of August Bennett, owning collectively an undivided 9/101th interest in the said 19.92 acres were also recognized and sent into possession of their respective fractional interests.
Rescission of a sale of an immovable on the grounds of lesion beyond moiety is a remedy afforded for an injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy is founded upon an implied error or imposition upon the person selling, for in every commutative contract, equivalents are supposed to be given and received. LSA-CC Article 1860. The party alleging lesion must prove value of the immovable in the state in which it was at the time of the sale. LSA-CC Article 1870. Those transactions which involve the sale of immovables that are speculative and conjectural as to identity and value are not subject to rescission on the grounds of lesion beyond moiety. Fernandez v. Wilkinson, 158 La. 137, 103 So. 537; White v. Bergstedt, 164 La. 993, 115 So. 59; Dick v. Lovell, La.App., 2 So. *907 ' 2d 272; Armwood v. Kennedy, 231 La. 102, 90 So.2d 793.
Plaintiff urges that the sale to himself from intervenor was speculative as to the amount of land and the interest of in-tervenor and thus not subject to rescission on lesionary grounds. Intervenor contends differently. She, therefore, bears the burden of proving her contentions. Demaret v. Hawkins, 8 La.Ann. 483; Girault v. Feucht, 120 La. 1070, 46 So. 26; Morris v. Kleinpeter, 197 La. 758, 2 So.2d 203; Pierce v. Roussel, 227 La. 438, 79 So.2d 567.
Intervenor is the widow of August Bennett, who acquired on October 17, 1921, from some of his brothers and sisters a tract of land containing 65.03 acres. The consideration recited was $500.00 and was “the estimated value of the attention, help and services rendered by the said August Bennett” to their father, Ruben M. Bennett. This was apparently the family home place and intervenor and August Bennett lived there and cared for a number of nieces and nephews. The date of August Bennett’s death is not shown but it was pri- or to 1957 because intervenor last visited the property in 1957 when she attended a funeral conducted there in the family cemetery.
Prior to his death, August Bennett sold some of the property. The extent of these sales are not reflected in the record. After his death intervenor sold some of the t'im- v ber for which she received $500.00. She further stated that on previous occasions she was contacted by a sister and some of the brothers of her late husband who ques- ■ tioned her ownership of the said property and particularly her sale of the timber therefrom.
The testimony by plaintiff that at the time of his acquisition of the interest of the intervenor in the land in question he did not know the extent of the land involved or the interest of the intervenor has not been rebutted. Likewise, the testimony of the intervenor that she did not know the extent of her interest or the amount of land involved remains uncontro-verted.
It is clear that the plaintiff was able to> ascertain the exact acreage of 19.92 acres in the land only after he had caused the property to be surveyed and that he was only able to determine the undivided ownership of the intervenor and the outstanding interest of the remaining named defendants in the suit for partition after he had caused the succession of August Bennett to be opened and the appropriate heirs recognized. All of this occurred after he had purchased the interest of the intervenor, took possession of the property, and commenced positive steps to determine the extent of his ownership.
Thus, it appears evident to us that at the time of the sale by non-warranty deed which intervenor seeks to rescind neither plaintiff nor intervenor were familiar with or had reasonable knowledge of the land involved or the interest of intervenor, accordingly, the trial judge’s ruling that: ^
“It appears that, at the time of the sale, Mr. White did not know what he was getting, and Mrs. Bennett did not know what she was selling. Under these circumstances, the actual value of the property in fee simple bears little relation to the value of the thing sold. I do not believe that this sale can be said to have been lesionary.”
is a correct finding of fact and conclusion of law.
While we have devoted our primary attention to the amount of land conveyed by description (65.03 acres) and the actual acreage as determined by subsequent survey (19.92) acres, we should also comment on the proof of value. One expert witness was called and he by the intervenor. He placed a value at the time of the sale of $2,400.00 on the land and $600.00 on the improvements for a total of $3,000.00. He did not take into consideration the fact *908 that intervenor owned less than full title and therefore could not at the time of the sale transfer other than her undivided 10/11th interest. As a matter of fact, at the time of the sale, intervenor’s interest had not been determined to be 10/11th. He repeatedly stated that his evaluation was based on a merchantable title and that the owner should correct any defects. On this point he was questioned and answered .as follows:
“Q In other words, Mr. Moise, if someone came to you and wanted you to help them sell a piece of rural property and they told you at the outset that they didn’t have a complete title, they didn’t have a full ownership in it, that there were probably anywhere from fifteen to thirty other heirs who had an interest in it and they didn’t know where those heirs were or who they were and that if they sold it at all they didn’t want to sign a warranted deed but only a quitclaim, do you feel you would be able to find any buyer at all for it?
A I wouldn’t mess with it.”
There is no question but that these 19.92 acres, being clearly definable and transferable in clear title would have been worth $3,000.00 at the time of the sale. But the unalterable fact remains that this was not the situation. There was yet to follow all at the instance and expense of the plaintiff a survey, a succession proceeding, and a suit for partition by licitation.
The alternative plea of intervention for rescission of the sale by her to plaintiff is that of fraud, coercion and error. The fraud and coercion alleged to have been inflicted upon her consists of statements made to her by a sister and some brothers of her late husband. The record in this respect is woefully weak. There was some concern on the part of the collateral heirs of inter-venor’s husband as to intervenor’s owner-snip of the land in question. To some extent, her sale of the timber was questioned. However, we, like the trial judge, cannot determine that the relatives intimidated, harassed or misled intervenor. Likewise, plaintiff’s participation in such alleged fraud or coercion is not shown and cannot be presumed. The trial judge’s conclusion that
“The testimony of Mrs. Bennett as to the alleged fraud and coercion was not convincing. If there were misrepresentations or threats made, they were not made by the plaintiff in this case. There was no showing or even any hint of any conspiracy between plaintiff and any other person. I find the intervention to be without merit.”
is fully supported by the record.
The judgment appealed from is affirmed at appellant’s costs.
Affirmed.