301 So.2d 754 (1974)
Succession of Elizabeth E. TERRAL and J. R. Terral.
Nita Terral MOFFETT et al., Plaintiffs-in-Rule-Appellants,
v.
George TERRAL, Defendant-in-Rule-Appellant.
Nita Terral MOFFETT et al., Plaintiffs-Appellants,
v.
George TERRAL, Defendant-Appellee.
Nos. 12411 and 12412.
Court of Appeal of Louisiana, Second Circuit.
October 1, 1974.
Rehearing Denied November 5, 1974.[*]
Writ Granted December 13, 1974.
*755 Hugh E. Brunson, Crowley, for plaintiffs-appellants.
Holloway, Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for defendant-appellant-appellee.
Before BOLIN, PRICE and HALL, JJ.
Rehearing En Banc Denied November 5, 1974.[*]
BOLIN, Judge.
On appeal these consolidated cases present two basic questions: first, whether four of ten heirs of decedents may institute a class action on behalf of all the heirs to set aside four purported acts of sale as being simulations or donations in disguise; and, second, whether the evidence justified a finding that the transactions were in fact simulations or, alternatively, disguised donations. For written reasons the lower court found neither suit could be maintained as a class action and further found one of the four transactions should be set aside as a simulation. From a consolidated judgment signed in conformity with these findings, plaintiffs in suit No. 12,412 appeal and plaintiffs and defendant in No. 12,411 appeal. We affirm the judgment.
The trial judge prefaced his reasons for judgment by stating the proceedings were "lengthy, complex and confusing." As all parties to this appeal agree on the issues, we shall not state in detail all of the pleadings and facts forming the basis of these issues.

CLASS ACTION
Nita Terral Moffett, Doris Terral Hebert, Loice Terral King and Eloise Terral Gilmore sue George Terral in suit No. 12,412 to set aside four purported acts of sale from J. R. Terral or J. R. Terral and Elizabeth Eldridge Terral as being simulations or, alternatively, donations subject to collation. In this suit petitioners seek permission to maintain this suit as a class action, alleging that in addition to themselves there are other heirs and, accordingly, under the provisions of Louisiana Code of Civil Procedure Article 591 et seq., as interpreted by Danos v. Waterford Oil Company et al., 225 So.2d 708 (La.App. 1 Cir. 1969) and Verdin v. Thomas, 191 So.2d 646 (La.App. 1 Cir. 1966), petitioners are entitled to represent the other heirs.
*756 In his reasons for judgment the trial judge gave the following reasons for rejecting this contention:
"Neither of these cases is applicable to the situation before the Court. The persons constituting the class in the present suits are not so numerous as to make it impracticable for all of them to join or be joined as parties. C.C.P. Article 591. James R. Terral, Jr., Martha Anderson, and the four heirs of Amanda Terral LeBlanc are the only ones not made parties to these proceedings.
"Furthermore, it appears from the pleadings in the succession and the testimony of Mrs. Anderson, that conveyances were made to all of the children of J. R. Terral, except, possibly, Bridges Terral. From this standpoint, a proper alignment of the parties in classes would place Mrs. Moffett, Mrs. Gilmore, James R. Terral, Jr. and Mrs. Anderson in one class and Lois King and Doris Hebert, the daughters of Bridges Terral in the other class, the latter class being, insofar as the record now reveals, the only ones that did not receive conveyances during the lifetime of J. R. Terral."
Six heirs of decedents were not made parties-plaintiff in suit No. 12,412. The lower court concluded these heirs were indispensable parties, citing as authority therefor Louisiana Code of Civil Procedure Article 641. The court further observed that under La.C.C.P. Article 927 the nonjoinder of indispensable parties may be noticed by the court, and accordingly dismissed suit No. 12,412 without prejudice. We find the lower court correct in deciding the suit could not be prosecuted as a class action and also in dismissing the case for nonjoinder of necessary parties.

SIMULATIONS OR DONATIONS IN DISGUISE
Suit No. 12,411 is not a direct action against an individual but is a rule, brought by the same plaintiffs who instituted suit No. 12,412, to compel George Terral as administrator to amend the descriptive list of property filed by him in the succession proceedings so as to include property allegedly transferred by simulated sales or donations in disguise.
Louisiana Code of Civil Procedure Article 3137 provides that:
"... Any interested person may traverse the descriptive list at any time, on contradictory motion served on the person filing it...."
Therefore, the plaintiffs-in-rule in suit No. 12,411 may proceed against George Terral in his capacity as administrator.
The evidence as to whether the four transactions were sales, simulations or donations in disguise consisted primarily of the testimony of Martha Anderson, Clifford M. Moffett, a brother-in-law of George Terral, and George Terral. Martha Anderson and Clifford Moffett testified generally to the effect that J. R. Terral, deceased, told them he was giving George Terral all of the land. However, none of this testimony was definite and the trial judge found it was of "little value in arriving at a decision herein."
George Terral testified the cash consideration set forth in each of the deeds was paid by him in cash. All of the deeds were in notarial form and with no unusual provision therein, except the one dated December 2, 1943, from James R. Terral to George Terral, conveying 83 acres of land, more or less, which contained the following language:
"It is understood and agreed that the said James R. Terral shall have the right to remain on said property as long as he lives and have the management of said land sold herein and the said George Terral binds himself to not sell said land as long as the said James R. Terral lives."
Louisiana Civil Code Article 2480 states:
"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, *757 or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."
Under the provisions of the above codal article the burden of proving the purported act of sale of the 83 acres of land was not a simulation was on George Terral. The lower court found George Terral had not borne the burden of proof as to the 83 acres of land and that plaintiffs-in-rule had not established by a preponderance of the evidence that the three other transactions were in fact simulations or donations in disguise. From our review of the record we find this conclusion is correct.
For the reasons assigned the judgment of the lower court is affirmed. Plaintiffs in suit No. 12,412 are assessed with all costs. Defendant George Terral is assessed with all costs in suit No. 12,411.
NOTES
[*] Dennis, J., took no part in denial of rehearing.