337 So.2d 302 (1976)
Joseph L. GUICE d/b/a J. L. Guice, Distributor, Plaintiff-Appellee,
v.
Thomas A. MODICA, Defendant-Appellant.
No. 12988.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing Denied September 27, 1976.
*303 Donald R. Miller, Shreveport, for defendant-appellant.
Bodenheimer, Jones, Klotz & Simmons, by Harry Simmons, Shreveport, for plaintiffs-appellees, Joseph L. Guice & United Agriculture Credit Corp.
Naff, Kennedy, Goodman & Donovan, by Ralph W. Parnell, Jr., Shreveport, for intervenor-appellee, J. E. Sandefur.
Cook, Clark, Egan, Yancey & King, by Edwin L. Blewer, Jr., Shreveport, for intervenor-appellee, H. H. Prescott & Sons, Inc.
Donald E. Walter, U.S. Atty., by Frances O. Allen, Asst. U.S. Atty., Shreveport, for intervenor-appellee, The United States.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied September 27, 1976.
PRICE, Judge.
Joseph Guice filed this suit as a creditor of Thomas Modica to nullify a donation of immovable property in Bossier Parish from Modica to his children. The United States, United Agriculture Credit Corporation, H. H. Prescott and Sons, and J. E. Sandefur intervened in an attempt to enforce judgments they had obtained against Modica. The plaintiffs based their attack on Article 1980 of the Civil Code, contending that Modica's donation was gratuitous and a presumptive attempt to defraud his creditors since he did not retain property valued at twice the amount of the donation. In a trial by jury, the donation was nullified and Modica appealed to this court alleging the trial court erred in excluding certain testimony designed to prove the donation was onerous, and thus not subject to the rules of Article 1980. The defendant further contends the intervenors' rights had prescribed because they did not bring suit against the debtor within one year from the date of their judgment as required by Civil Code Article 1994.
We pretermit any discussion of these issues as there has been a failure to join indispensable parties. Modica's children were not made parties to the suit. Indispensable parties are defined by Article 641 of the Code of Civil Procedure:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
Modica's children accepted the property on January 4, 1969, and apparently owned the property from that date. As owners of the property, the children have an interest in the action that would be directly affected by any judgment rendered in this suit. They should not be subjected to a possible divestiture of their title without being made parties to the suit. When it is noted on appeal that an indispensable party was not joined in the action, the case must be remanded for joinder and retrial. State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671, 675 (La.1973).
*304 The judgment appealed from is therefore annulled, and the case is remanded to the district court for further proceedings consistent with the views expressed herein and in accord with law. Costs of this appeal are assessed to appellees.