356 So.2d 1047 (1977)
Ernest Griffin OBY
v.
Theresa Oby FLANAGAN et al.
No. 11697.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*1048 Leila Withers, Baton Rouge, Murphy Bell, Baton Rouge, of counsel for plaintiff-appellant, Ernest Griffin Oby.
Walter C. Dumas, Baton Rouge, of counsel for defendant-appellee, Theresa Oby Flanagan, et al.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
This is an appeal from a judgment dismissing the plaintiff's suit on an exception of nonjoinder of indispensable parties. The defendants have not answered nor have they taken an appeal.
Plaintiff, Ernest Griffin Oby, filed suit against Theresa Oby Flanagan and Elliot Flanagan (then married to Theresa) to annul the sale of certain immovable property on January 14, 1957, by his father, Kernan Oby, now deceased, to Theresa Oby Flanagan. Plaintiff asserted this right as a forced heir of the vendor Kernan Oby. Kernan Oby died intestate on March 21, 1975, survived by his children of two marriages, namely, Thelma Oby Reed, Ernest Griffin Oby, Harriet LaRue Oby, Veoletta Oby Trice, and Charles Oby.
Plaintiff contends the trial judge erred in sustaining the exception of nonjoinder of indispensable parties and in dismissing his suit.
Where forced heirs seek to set aside the sale of lands by their ancestor as being simulations, such heirs are indispensable parties within the meaning of La.C. C.P. Article 641, who must all be joined as parties to the action. Succession of Terral, 301 So.2d 754 (La.App. 2nd Cir. 1974). The trial court was correct in sustaining the exception.
However, La.C.C.P. Article 934 provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Nonjoinder of an indispensable party is a peremptory exception. La.C.C.P. Article 927.
In Succession of Guidry v. Bank of Terrebonne & Trust Co., 193 So.2d 543 (La.App. 1st Cir. 1966), this court held: ". . . (W)here the ground of the peremptory exception may be removed by amendment, no discretion is vested in the trial court to grant or deny time for amendment. In such instances the trial court must afford time for amendment . . .
Article 934, supra, mandatorily requires that the trial court afford an opportunity to amend when revision can cure or remove the grounds upon which the peremptory exception is based, as in this case. Plaintiff should have been allowed time to amend his petition before dismissal.
For the above and foregoing reasons, the judgment appealed from is affirmed insofar *1049 as it sustained the peremptory exception of nonjoinder of indispensable parties, reversed insofar as it dismissed plaintiff's suit, and the case is remanded to allow the district court to fix a delay in which the plaintiff may amend his petition in order to join all indispensable parties.
Costs of this appeal are assessed against plaintiff and defendants in equal proportion; all other costs are to await final disposition of the case.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.