382 So.2d 1003 (1980)
Adam CHERAMIE et al.
v.
Mrs. Lorina Cheramie ST. PIERRE.
No. 13025.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Edward T. Diaz, Charlton J. Cheramie, Golden Meadow, for plaintiffs-appellants *1004 Adam Cheramie and Lucille Cheramie Pitre.
Francis Dugas, Thibodaux, for defendant-appellee Lorina Cheramie St. Pierre.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
The judgment appealed is affirmed for the following reasons given by the trial court, which we quote with approval:
I. FACTS
This is a suit to rescind an act of cash sale on the grounds of lesion beyond moiety. George Cheramie was married to Margerite Vegas Cheramie on January 3, 1918. The sole and only lawful issue of this marriage were Adam Cheramie and Lucille Cheramie Pitre, the plaintiffs herein, and Lorina Cheramie St. Pierre, the defendant herein.
On May 15, 1943, Mrs. Margerite Vegas Cheramie purchased from Alfred Vegas a certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the left descending bank of Bayou Lafourche at about forty-five miles below the town of Thibodaux in the Cut Off Community, measuring one-fourth (¼) arpent front along Bayou Lafourche by forty arpents in depth, which property was bounded above or north by property of Alfred Vegas and below or south by property belonging to Pierre Vegas. The deed stated that the property was acquired by Alfred Vegas by inheritance from his deceased father, Antoine Vegas. The consideration for this sale was five hundred and no/100 ($500.00) dollars cash. This sale further contained the following provisions:
This property is acquired by purchaser herein with her own separate and paraphernal funds, is not to be a part of the community existing between her and her husband and is to be and remain under her separate control and domination.
This sale is recorded in the conveyance records of Lafourche Parish in COB 107, folio 56, under entry number 61566.
On November 20, 1974, Margerite Vegas Cheramie died intestate.
On February 10, 1975, by act of cash sale, George Cheramie sold to Lorina Cheramie St. Pierre, "ALL OF HIS RIGHTS, TITLE AND INTEREST IN AND TO THE FOLLOWING DESCRIBED" property, which was essentially the description contained in the conveyance from Alfred Vegas to Margerite Vegas Cheramie. The consideration for this sale was five hundred and no/100 ($500.00) dollars cash. The sale further provided that "Vendor hereby reserves usufruct over the property conveyed until his death." This act is recorded in the conveyance records of Lafourche Parish in COB 534, folio 558, under entry number 402226.
On April 7, 1975, a petition for possession was filed in the succession of Margerite Vegas Cheramie, No. 9360, on the probate docket. On that same date, a sworn descriptive list was filed which listed the deceased as having an undivided one-half (½) interest in the property here in question and valued this interest at five thousand and no/100 ($5,000.00) dollars.
On April 14, 1975, a judgment of possession was rendered in the succession of Margerite Vegas Cheramie placing George W. Cheramie in possession of one-half (½) of the community property and confirming his usufruct of the remaining undivided one-half (½) of the community property. The three children were placed into possession of an undivided one-third (1/3) each of the one-half (½) interest in the community of Margerite Vegas Cheramie subject to the usufruct in favor of George W. Cheramie.
On May 23, 1975, a supplemental and amending sworn descriptive list was filed in the succession proceeding listing an undivided one-half (½) interest in the property here in question as community property in the Estate of Margerite Vegas Cheramie and valuing this interest at five thousand and no/100 ($5,000.00) dollars. A supplemental and amending judgment of possession was then rendered on July 23, 1975, listing the one-half (½) interest of Margerite Vegas Cheramie in the property in question as community property.
*1005 On November 13, 1975, Lucille Cheramie Pitre and Adam Cheramie filed a petition to traverse the sworn descriptive list contending that the property in question belonged solely and only to Margerite Vegas Cheramie as her separate property.
On December 5, 1975, Lorina Cheramie St. Pierre and George W. Cheramie answered the petition to traverse the sworn descriptive list contending that the property in question was community and that the sworn descriptive list and judgments of possession were correct. The trial of this matter was held on September 23, 1976 and judgment was rendered from the bench, decreeing that the property was correctly listed as community property in the sworn descriptive list and judgment of possession and rejecting the plaintiffs' demands at their costs. This judgment was read and signed on September 28, 1976 and no appeal was taken therefrom. It is now res judicata.
George Cheramie died on September 8, 1976.
The instant suit was filed on March 18, 1977, by Adam Cheramie and Lucille Cheramie Pitre as heirs of George Cheramie contending that the act of sale of February 10, 1975 should be rescinded for lesion beyond moiety. Answer was filed by the defendant on September 13, 1978. A pre-trial conference was held in this matter on November 29, 1978. The trial on this matter was held and completed on February 16, 1979 and the parties were ordered to submit briefs.
II. APPLICABLE LAW
It would appear that the law applicable to cases of this type, is well set forth in White v. Oakley, 191 So.2d 904 ([La.App.] 1st Cir. 1966), at p. 906 of the Southern Reporter as follows:
Rescission of a sale of an immovable on the grounds of lesion beyond moiety is a remedy afforded for an injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy is founded upon an implied error or imposition upon the person selling, for in every commutative contract, equivalents are supposed to be given and received. LSA-CC Article 1860. The party alleging lesion must prove value of the immovable in the state in which it was at the time of the sale. LSA-CC Article 1870. Those transactions which involve the sale of immovables that are speculative and conjectural as to identity and value are not subject to rescission on the grounds of lesion beyond moiety.
Thus, if the purchase price of the immovable is less than one-half (½) of its value at the time of the sale the vendor has a right to demand rescission of the sale. Articles 1861 and 2589 et seq. of the Revised Civil Code. If lesion is proven by the vendor the purchaser has the option of either restoring the thing sold and taking back the purchase price or making up the just price and keeping the thing. Article 2591, Revised Civil Code.
III. VALUE OF IMMOVABLE INTEREST SOLD
The valuations given by the five expert appraisers who testified at the trial, Brent Duet, Filton Terrebonne, Ambroise Landry, Bobby Theriot and Freddie Trosclair, for the entirety of the property in question, range from thirty-two thousand three hundred eighty-three and no/100 ($32,383.00) dollars to fifteen thousand eight hundred fifty and no/100 ($15,850.00) dollars. However, the February 10, 1975 act of sale did not convey the entirety of the property in question. It conveyed "all of the right title and interest" of George Cheramie and it was subject to a reservation of a life-time usufruct. There is no testimony in the record to show the value of that which was actually conveyed. The expert appraisers testified that they either did not appraise the interest of George Cheramie or that they were unable to appraise the interest conveyed because of its speculative nature at the time of the sale. In order to prevail in cases of this type the burden is on the party claiming lesion beyond moiety to prove that at the time of sale the value of the immovable interest sold was more than twice the consideration actually paid. Articles *1006 1870, 1871 and 2590 Revised Civil Code and White v. Oakley, supra. The plaintiffs in this case have failed to prove the value of the immovable interest sold by George Cheramie on February 10, 1975, and accordingly, they have failed to prove their claim to the degree of certainty required by the law.
IV. SPECULATIVE NATURE OF INTEREST SOLD
As pointed out in the quotation from White v. Oakley, supra, transactions which involve the sale of immovables that are speculative and conjectural are not subject to rescission on the grounds of lesion beyond moiety. The reason for this rule of law is set forth in Fernandez v. Wilkinson, 158 La. 137, 103 So. 537 (1925), at p. 541 of the Southern Reporter as follows:
In Copley v. Flint, 16 La. 380, also 1 Rob. 125, and in Martin v. Delaney, 47 La.Ann. 719, 17 So. 264, this court held that the action of rescission for lesion beyond moiety was intended for the protection of those who have been driven by their necessities, or have through weakness or improvidence suffered a loss on the sale of land of more than half its value; and (in effect) that it was not intended to afford a means of speculating in real estate and on the titles thereof; hence that it might be shown what the plaintiff's pretensions, title, or claim was really worth without being confined to the mere intrinsic value of the land. Or, in other words, that all the circumstances surrounding the sale should be examined and inquired into; that, even as to the intrinsic value of lands, no conjectural or speculative values were to be considered.
See also Fleming v. Irion, 132 La. 163, 61 So. 151 (1913).
At the time of the sale on February 10, 1975, George Cheramie had no record title to the property in question. He did, however, have a legal basis to make a claim. Under the law all property acquired during marriage is presumed to belong to the community. That the property is in the name of only one spouse and there is a statement of paraphernality in the act of sale does not change this presumption. Articles 2334, 2402, and 2405 of the Revised Civil Code; Smith v. Smith, 230 La. 509, 89 So.2d 55 (1956); Fleming v. Fleming, 211 La. 860, 30 So.2d 860 (1947); Houghton v. Hall, 177 La. 237, 148 So. 37 (1933); Perkins v. Ray, 365 So.2d 1189 ([La.App.] 3rd Cir. 1978); McGee v. Harris, 333 So.2d 440 ([La.App.] 3rd Cir. 1976); Milton v. Milton [Succession of Milton], 278 So.2d 159 ([La.App.] 1st Cir. 1973). This claim, however, could only be confirmed by subsequent court action which ultimately occurred in the Succession of Margerite Vegas Cheramie.
Further, the interest conveyed was subject to a lifetime usufruct in George Cheramie. No evidence was introduced to show what his life expectancy was on the date of the sale and what effect this would have on the value of that which was conveyed.
This case is very similar to White v. Oakley, supra, where the court held that the sale was speculative because the seller did not know the extent of the land involved, did not know the size of undivided interest and where these matters were only subsequently determined after the expense of a survey, a succession proceeding and a suit for partition by licitation.
George Cheramie could not convey a marketable title to Lorina Cheramie St. Pierre on February 10, 1975. Certainly, Lorina Cheramie St. Pierre would have had a most difficult time to market an unspecified and unconfirmed interest that was subject to a lifetime usufruct. Because of the speculative nature of that which was sold on February 10, 1975, the expert appraisers in this case were unable to give a proper valuation.
Costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.