GARRISON, Judge,
dissenting.
This is an appeal from two judgments of the district court. The first judgment dated June 14, 1979 upheld the joint stipulations of the plaintiff, Donald Pitts and the defendant, Gulf South Divers, Inc. as follows:
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the interest on the note dated October 20,1976, in the amount of $20,000.00 maturing on October 20,1978, be and is hereby waived from the date of maturity.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Allen Lobrano, Clerk of Court, in and for the Parish of Plaquemines, issue to Mr. Donald Pitts, the holder of said note, a check in the sum of $20,000.00 to be paid out of the fund on deposit in the Registry of the Court in this case.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Allen Lobrano, Clerk of Court, in and for the Parish of Plaquemines, issue to Mr. Wayne Giordano, Liquidator of Gulf South Divers, Inc., a check for $10,000.00 to be paid out of the fund on deposit in the Registry of the Court in this case. “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the remaining $5,000.00 on deposit in the Registry of the Court be left in escrow until such time as a Rule is heard to determine attorney’s fee and court cost, excluding legal interest, is due and owing on said note.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Allen Lobrano, Clerk of Court, in and for the Parish of Plaquemines, cancel the mortgage recorded in MOB 86, Folio 762 and the Notice of Seizure recorded in MOB 100, Folio 701.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the issuance of a Permanent Injunction in this matter is moot and that the sale of said property be and is hereby canceled.”
The second judgment, dated October 1,1979 made absolute the rule on attorney’s fees as follows:
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the rule be made absolute and accordingly that there be judgment herein in favor of Donald Pitts and against defendant, Gulf South Divers, Inc., ordering that the Clerk of Court pay attorney’s fees to George Scariano, attorney for Donald Pitts, in the sum of Four Thousand and 00/100 ($4,000.00) Dollars and pay all costs of these proceedings including the cost due the Clerk of Court and the Sheriff of Plaquemines Parish and the balance in the Registry of the Court to be paid to Wayne Giordano, Liquidator of Gulf South Divers, Inc.”
Treadway intervenes on appeal seeking to have the entire transaction at issue declared a nullity. The plaintiff-appellee, Donald Pitts, filed a brief with this court alleging that Treadway could not intervene. Although the liquidator filed a petition for appeal on the question of attorney’s fees, he did not file a brief on this issue.
The facts of this case are as follows. Donald Pitts and Ronald Treadway were *70 each 50% stockholders of Gulf South Divers, Inc., as well as Directors and Officers of the closely-held corporation. On October 12, 1976 the corporation issued the following resolution:
“BE IT RESOLVED by the board of Directors of GULF SOUTH DIVERS, INCORPORATED at a regularly held meeting of the Corporation on October 12, 1976 that this Corporation hereby authorizes Ronald Treadway to purchase Real Estate hereinafter described on Exhibit 1 attached hereto and made part hereof from Donald E. Pitts on the basis of $56,000.00 sale price, $16,000.00 of which shall be cash and for the balance thereof of $40,000.00 the corporation will assume that certain vendor’s lien and mortgage of Donald E. Pitts in favor of Security Homestead Association in the amount of $42,000.00 dated May, 1974 recorded at MOB 76, folio 712 of the Plaquemines Parish records.
“Ronald Treadway is further authorized to execute a mortgage on the property to be acquired from Donald Pitts in the amount of $20,000.00 payable to the order of holder or holders bearing interest at the rate of 8.00% percent per annum from maturity and payable to (sic) years after and said mortgage to be executed by Ronald Treadway and the note given to holder or holders to obtain funds for payment of the cash portion of the sale price.” (emphasis added)
Exhibit 1 referred to in the resolution does not contain any acquisitive information in the property description, as reflected below:
“ONE CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon and all the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the Parish of Plaquemines in Belle Chasse in that part thereof known as Highland Subdivision being a re-subdivision of a portion of Concession subdivision as shown on plan by W. C. Hunter, C. E., dated October 12, 1954 and also on plan of R. P. Rordam dated April 21, 1959, duly approved on May 22,1959 by John C. DeArmas, Jr., Parish Engineer and E. C. Marshall, President of the Police Jury, duly recorded June 8, 1959 in COB 216, folio 524. Accordingly to which said plan said lot is designated as Lot Seventy (70) of Square “G” which said Lot Seventy (70) is more fully described as follows: Said Lot No. Seventy (70) of Square “G” measures eighty five (85') feet front on the westerly right of way of Louisiana State Highway No. 23 with a like width in the rear by a depth of one hundred fifty (150') feet between equal and parallel lines. Said Lot Seventy (70) of Square “G” is bounded on the southerly side by property now of formerly belonging to Raymone Guidroz and on the northerly side by property belonging to Milton Stockfleth.”
Additionally, the property description in the mortgage does not have complete acquisitive information:
“ONE CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon and all the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the Parish of Plaquemines in Belle Chasse in that part thereof known as Highland Subdivision being a re-subdivision of a portion of Concession subdivision as shown on plan by W. C. Hunter, C. E., dated October 12, 1954 and also on plan of R. P. Rordam dated April 21, 1959, duly approved on May 22,1959 by John C. DeArmas, Jr., Parish Engineer and E. C. Marshall, President of the Police Jury, duly recorded June 8, 1959 in COB 216, folio 524. Accordingly to which said plan said lot is designated as Lot Seventy (70) of Square “G” which said Lot Seventy (70) is more fully described as follows: Said Lot No. Seventy (70) of Square “G” measures eighty five (85') feet front on the westerly right of way of Louisiana State Highway No. 23 with a like width in the rear by a depth of one hundred fifty (150') feet between equal and parallel lines. Said Lot Seventy (70) of Square “G” is bounded on the southerly side by *71 property now of formerly belonging to Raymond Guidroz and on the northerly side by property belonging to Milton Stockfleth.
“Being the same property acquired from Donald Pitts at Conveyance Book_, folio_of the Paquemines (sic) Parish records.”
Curiously enough, a copy of the act of sale is not contained in the record and all other pleading refer to the description contained in Exhibit one and also fail to carry any acquisitive data. Whether the homestead holding the vendor’s lien and mortgage on the property was ever apprised of or acquiesced in the sale is not reflected in the record.
The note matured on October 20, 1978 and no payment was ever made. Hence, on February 26, 1979 demand was made upon Ronald Treadway for the principal amount of $20,000.00 plus $533.33 interest and $5,133.33 attorney’s fees. The demand letter also contained the following language:
“Additionally, as you know, the $16,-000.00 in cash that was suppose(d) to be paid to Mr. Pitts at the time of the sale was not paid and please let this serve as formal demand for payment of that money to him within the same period of time.”
On March 21,1979, Donald Pitts filed suit for executory process against Gulf South Divers, Inc. praying that the property be seized and sold “free and clear of any homestead rights and exemptions." On that same day, Donald Pitts placed the corporation into liquidation proceedings. Accordingly the liquidator represented the interests of Gulf South Divers throughout the rest of the suit. As discussed above, judgment was rendered in accordance with the joint stipulations of Pitts and the liquidator.
In passing, I note that Treadway could intervene for the first time at the appellate court level by virtue of C.C.P. Articles 2086 and 1091:
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” (C.C.P. Art. 2086)
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff’s demand; or
(3) Opposing both plaintiff and defendant.” (C.C.P. Art. 1091).
However, this issue is not the basis of my decision. As there is nothing in the record to show that the homestead had no interest in the property, the trial court could not render judgment without joining Security Homestead, as it is an indispensable party to the action:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.” (C.C.P. Art. 641)
I note that nonjoinder of an indispensable party may be raised for the first time by an appellate court on its own motion:
“The objections which may - be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
“The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoin-der of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.” C.C.P. Art. 927.
*72 When it is noted on appeal that an indispensable party was not joined in the action, the case must be remanded for joinder and retrial. State, Dept. of Highways v. Lamar Advertising Co. of Louisiana, 279 So.2d 671 (La.1973); Guice v. Modica, 337 So.2d 302 (La.App.2nd, 1976).
The judgments appealed from should therefore be annulled and the case be remanded to the district court for further proceedings consistent with the views expressed herein and in accord with the law.