423 So.2d 100 (1982)
James Barry EDMONSON
v.
Olga Olivier Edmonson ABELL.
No. 82 CA 0234.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*102 Michael R. Connelly, Baton Rouge, for plaintiff-appellant James Barry Edmonson.
Emile M. Weber, Baton Rouge, for defendant-appellee Olga Olivier Edmonson Abell.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a petitory action[1] by James Barry Edmonson against his grandmother, Mrs. Olga Olivier Edmonson Abell, seeking recognition of his ownership of an undivided interest in property located in Baton Rouge, Louisiana. In his petition, Edmonson claims that a purported sale of the property (known as the old home place) by his deceased father, James Camille Edmonson, and his aunt, Mrs. Mary Elisabeth Edmonson Tyndall, to his grandmother is an invalid simulation[2] and that he has inherited an interest in the property through his father. The trial court ruled that the purported sale was in fact a valid donation and that Mrs. Abell (the grandmother) was the owner of the entirety of the property. This devolutive appeal followed.

I. FACTS
The judgment of possession in the Succession of James Earns Edmonson was rendered on January 27, 1976. This judgment declared that the sole and only heirs of James Earns Edmonson were his widow, Mrs. Olga Olivier Edmonson Abell,[3] and his two children, Mrs. Mary Elisabeth Tyndall and James Camille Edmonson. Mrs. Olga Olivier Edmonson Abell was confirmed in her ownership of one-half of the community property (including the old home place) and each of the children inherited a one-fourth interest in this property.[4]
Also on January 27, 1976, Mrs. Abell sold to Mrs. Tyndall and James Camille Edmonson all of her right, title and interest in the old home place. The consideration for this sale was the granting by the purchasers to Mrs. Abell of "the usufruct and enjoyment of all the income derived from the property... for as long as she shall live." This act of sale specifically provided that Mrs. Tyndall was "purchasing the hereinafter described property with her own separate and paraphernal funds, under her separate administration and control, and forming no part of the community of acquets and gains that exists between her and her said husband;...." No such declaration was made with reference to the acquisition by James Camille Edmonson.
By act of cash sale dated April 21, 1978, Mrs. Tyndall and James Camille Edmonson purported to sell the entirety of the old home place back to Mrs. Abell for a consideration of $15,000.00. On April 28, 1978, Mrs. Tyndall, Mrs. Abell and James Camille Edmonson executed a counter letter wherein they declared that although the act of cash sale recited a consideration of $15,000.00, "that, in truth and in fact, no money ever changed hands between the said parties and that this said sale was done for convenience sake only." This counter letter *103 was not recorded in the conveyance records of East Baton Rouge Parish until January 27, 1981.
James Camille Edmonson died in October of 1979. He was survived by a widow, Mrs. Helen Elizabeth Powell Edmonson, and four children, Sandra Elizabeth Edmonson, James Barry Edmonson, Mark T. Edmonson and Michael Ashton Edmonson. A judgment of possession was rendered in the Succession of James Camille Edmonson on December 29, 1980, but the old home place was not included in the succession.

II. FAILURE TO JOIN INDISPENSABLE PARTIES
Indispensable parties to an action are those whose interests in the subject matter are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La.C.C.P. art. 641. The failure to join an indispensable party may be noticed by an appellate court on its own motion. La.C.C.P. arts. 645 and 927. When an attempt is made to set aside the sale of land by a deceased person as being a simulation, the heirs of the deceased party are indispensable parties, within the meaning of La. C.C.P. art. 641, who must all be joined as parties to the action. Oby v. Flanagan, 356 So.2d 1047 (La.App. 1st Cir.1977); Succession of Terral, 301 So.2d 754 (La.App. 2nd Cir.1974). The only heir of James Camille Edmonson made a party to these proceedings is the plaintiff-appellant, James Barry Edmonson. The other three children of James Camille Edmonson, Sandra Elizabeth Edmonson, Mark T. Edmonson and Michael Ashton Edmonson, are indispensable parties and must be joined in this case.
Although the act of sale by Mrs. Abell to Mrs. Tyndall and James Camille Edmonson provides that the interest acquired by Mrs. Tyndall shall be her separate property, no such declaration was made with reference to the interest acquired by James Camille Edmonson. Thus, the interest obtained by James Camille Edmonson (one-fourth) from Mrs. Abell in that conveyance is presumed to be a part of the community of acquets and gains existing between him and his wife, Mrs. Helen Elizabeth Powell Edmonson. Cheramie v. St. Pierre, 382 So.2d 1003 (La.App. 1st Cir. 1980). There is no evidence in the record to show that James Camille Edmonson and his wife were separate in property. If the transaction by Mrs. Tyndall and James Camille Edmonson to Mrs. Abell is set aside as a simulation, then Mrs. Helen Elizabeth Powell Edmonson may be an owner of an undivided one-eighth interest in the property, and as such, is an indispensable party to these proceedings. Mason v. Nattin, 355 So.2d 44 (La.App. 2nd Cir.1978).
If the transaction by Mrs. Tyndall and James Camille Edmonson to Mrs. Abell is set aside as a simulation, then Mrs. Mary Elisabeth Edmonson Tyndall will be reinstated as an owner of a one-half interest in the property. As such, she is an indispensable party and should have been included in this action.
Since La.C.C.P. art. 641 provides that no adjudication of an action can be made unless all indispensable parties are joined therein, the appropriate action to be taken when an appellate court notices the absence of indispensable parties is to remand the case to the trial court for the joinder of the indispensable parties and a retrial of the case. State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973); Guice v. Modica, 337 So.2d 302 (La.App. 2nd Cir.1976).

III. CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for the purpose of joining Sandra Elizabeth Edmonson, Mark T. Edmonson, Michael Ashton Edmonson, Mrs. Mary Elisabeth Edmonson Tyndall and Mrs. Helen Elizabeth Powell Edmonson as indispensable parties to these proceedings and for a retrial of the case. The appellant is cast for all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] La.C.C.P. arts. 3651, et seq.
[2] Owen v. Owen, 336 So.2d 782 (La.1976).
[3] The widow was remarried to Percy T. Abell prior to the rendition of the judgment of possession.
[4] Apparently, the statutory usufruct in favor of Mrs. Abell was terminated by her remarriage. La.C.C. art. 916.