LABORDE, Judge.
Pine Prairie Realty Company sued Samuel R. Cole seeking to rescind two (2) sales of Village lots on the grounds of lesion beyond moiety. Cole reconvened for commissions allegedly due him by the realty company. The trial judge ruled in favor of Cole dismissing the realty company’s suit and granted Cole judgment in the amount of $144.00, the amount of the commissions due him. The realty company appeals and we affirm. We conclude that Pine Prairie Realty Company did not discharge its burden of proving that at the time of the sale, the value of the lots sold was more than twice the price paid by Cole. Cheramie v. St. Pierre, 382 So.2d 1003 (La.App. 1st Cir. *662 1980). Further, we affirm the $144.00 judgment in favor of Cole for commissions due by Pine Prairie Realty Company.
Since we cannot improve on the well articulated reasons for judgment given by the distinguished trial judge which are fully supported by the record, we will adopt them as oür own:
“It is undisputed that plaintiff sold to defendant by cash sale bearing original act # 349076, Clerk of Court’s Records, Evangeline Parish, Louisiana, Lots # 4, # 5 and # 6 of Block # 5 of the Pine Prairie Realty Company Subdivision of the Town of Pine Prairie, on February 10, 1978, and accepted by defendant on February 21, 1978, and, that on May 16th, 1978, plaintiff sold to defendants Lots # 3, # 4 and # 10 of Block # 6 of the same subdivision. The consideration in each sale was $1200.00, or, in other words, $400.00 per lot.
It is also undisputed that by cash sale dated July 21, 1978, bearing original act # 354022, defendant, Samuel Cole, sold to Pamela Campbell Burnett Lots # 4, # 5 and # 6 of Block # 5 for the recited consideration of $6,000.00 or $2,000.00 per lot; and that by cash sale defendant sold to Karl Ray Hunter, Sr., dated January 19, 1980, and bearing original act # 369,-316, lots # 3 and # 5 described herein-above for the recited consideration of $4000.00, or $2,000.00 per lot.
Lot # 10 of Block # 6 has not been sold by defendant and he retains ownership of the same.
Plaintiff seeks to rescind the sales for lesion beyond moiety, and, of course, has the burden of proving that the value of the property was at least twice more than what defendant paid for it, and it is elementary that the value of the property must be determined at the time of the sale.
Mr. Cole had been an agent of the plaintiff for many years handling its property in the Pine Prairie area, leasing and recommending the sale of property owned by plaintiff. When a person sought to purchase a lot from plaintiff he contacted Mr. Cole who then wrote to plaintiff in New Orleans giving all pertinent information, and plaintiff would prepare the sale and send it to a bank, at first at Ville Platte, and later on, at Pine Prairie, when a branch bank opened there, where the sale would be accepted and the money paid. His commission was 5 per cent at first; it later was raised to 6 per cent. There is really but one issue: What was the value of the lots at the time of the sales?
Plaintiff presented the testimony of Mr. Terry J. McDaniel, a Real Estate Broker as an expert in real estate appraisal. Mr. McDaniel testified that the highest and best use of the property was for residential purposes, which is not disputed by defendant, and determined the value of the property by the use of comparable sales. He placed a value of from $1200.00 to $1400.00 per lot at the time of the sale. Plaintiff introduced none of the sales which Mr. McDaniel examined in order to fix a value on the property. Some of the comparable sales were up to a mile distant from the property Mr. Cole purchased, and others were not really comparable, as far as the court could gather from his testimony.
Defendant introduced over forty sales in evidence which show that from October 11, 1972, to February 10, 1978, the price of the lots sold by plaintiff to various purchasers ranged generally from $350.00 to $400.00.
The court has made a thorough review of the evidence, and finds as a fact proven, that the lots sold by plaintiff to defendant were not worth, at the time of the sales herein, more than $400.00 apiece. The court has reviewed the law and jurisprudence governing, and finds that as plaintiff has not proven his case by a preponderance of the evidence as required by law, its demands will be rejected at its costs.
Defendant, Samuel Cole, has made a re-conventional demand for $144.00 which he claims as a commission. The court finds that Mr. Cole has proven his case as *663 to this amount, and is entitled to recover.”
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.