BYRNES, Judge,
concurring.
I concur in the result reached by the majority.
The record in NO. CA 1131 of this court’s docket reveals that Althea Kramer Degelos prayed for an order confirming her as testamentary executrix and for the issuance of letters testamentary. However, no such order or letters testamentary were ever issued. Thus, there was no administrator or executor against whom the plaintiff could have brought suit. Nonetheless, an answer was filed by four of the five heirs of the deceased. In my opinion, this answer waived any objections to the plain *684 tiff’s improper designation of the party defendant.
The majority correctly points out that plaintiffs reliance on CC. Arts. 3227 and 3229 was misplaced and that his proper remedy was to seek specific performance from the heirs themselves. However, even when viewed as an action for specific performance, plaintiffs suit is procedurally defective because not all the heirs to the property in question were made defendants. This failure of plaintiff to join all of the heirs subjected his suit to a peremptory exception of non joinder of an indispensable party. See Edmonson v. Abell, 423 So.2d 100 (La.App. 1st Cir.1982). This exception may be noticed by an appellate court on its own motion, CCP Art. 927.
It is on the basis of this procedural defect that I concur in the majority opinion.