EDWARDS, Judge.
On January 27, 1984, the Louisiana Supreme Court granted writs and remanded the above matter to this court for consideration of issues unresolved in the previous appeal.
In 1948, J.T. Wall and his wife Mary Jane Wall sold 124 acres of community property to Hazel Wall, one of their sixteen children. J.T. died in 1965; Mary Jane died in 1976. In 1977 five of the nine surviving children filed a notice of lis pendens on the property and opened the succession of their parents. Hazel Wall, now Hazel Wall McCurley, filed a suit to remove the lis pendens. The same five heirs reconvened for collation of the 124 acres on the ground that the 1948 sale was actually a disguised donation.
Finding in favor of the plaintiffs-in-recon-vention, the trial court ordered the property collated. Hazel appealed, assigning three errors to the judgment, and filed an exception of prescription to the collation action in the appellate court. This court remanded the case for a hearing on the exception. The trial court sustained the exception, since ten years had lapsed from the date of the father’s death to the filing of the reconventional demand.
On appeal, we affirmed, but did not address the issues relating to the original three assignments of error. McCurley v. Wall, 440 So.2d 780 (La.App. 1st Cir.1983). Contending this was error, McCurley sought writs from the Supreme Court.
Ruling that only the action for collation of the father’s one-half of the property had prescribed, the Supreme Court granted the writ and remanded the case to us for an opinion on the issues relating to the mother’s half. McCurley v. Wall, 444 So.2d 1216 (La.1984).
McCurley’s three assignments of error to the original trial court judgment granting the defendants’ reconventional demand are summarized as follows:
1. The trial court erred in overruling McCurley’s exception of failure to join an indispensable party since three of the surviving children were not made parties to the defendants’ reconventional demand for collation.
2. The trial court erred in finding that the 1948 sale was a disguised donation.
3. The trial court erred in finding two previous 1943 sales of the same property from Mary Jane, the mother, to Hazel to be disguised donations.
Indispensable parties to an action are those whose interest in the subject matter are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. LSA-C.C.P. art. 641. It is fairly well-settled in this and other circuits that when forced heirs seek to set aside the sale of lands by their ancestor as a simulation, or a disguised donation, all such heirs are indispensable parties within the meaning of Article 641 and must be joined in the action. Edmonson v. Abell, 423 So.2d 100 *1234 (La.App. 1st Cir.1982); Oby v. Flanagan, 356 So.2d 1047 (La.App. 1st Cir.1977); Succession of Terral, 301 So.2d 754 (La.App. 2nd Cir.1974).
Of the nine surviving children, three of them — Paula Wall Piekert, Mary Wall Bas-comb and Zella Belle (Peggy) Wall Duke— though listed in the original judgment granting collation, were never made parties to the defendants’ reconventional demand. As indispensable parties under Article 641, they could not be represented in the action by the five other heirs, and no complete and equitable adjudication of this controversy can be made without their joinder. See, Succession of Terral, 301 So.2d 754 (La.App. 2nd Cir.1974). We must therefore remand this ease to the trial court for joinder of those indispensable parties and retrial of those issues relating to the mother’s half interest in the property. Edmonson v. Abell, supra; Guice v. Modica, 337 So.2d 302 (La.App. 2nd Cir.1976).
Because of the above decision, we need not discuss appellant’s remaining assignments of error.
For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for joinder of all indispensable parties and retrial. Costs are assessed against the appellees.
REVERSED AND REMANDED.